■ In the Matter of MARY JANE HH., Alleged to be a

Person in Need of Supervision. JOHN HH. et al., Respondents; MARY JANE HH., Appellant.—Kane, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered November 27, 1985, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Respondent was alleged to be a person in need of supervision in a petition filed by her parents. The petition alleged one incident of running away to Kentucky with Mike Currier, together with three incidents of leaving home without permission. The petition also alleged that respondent was "beyond the control of petitioners, as she refuses to remain in their home and obey their rules". After a Law Guardian was appointed, respondent appeared in Family Court, and admitted that she "ran away" to Kentucky and left her parents' home without permission on two occasions. She was then adjudicated a person in need of supervision. After a dispositional hearing, Family Court placed respondent in the custody of the St. Lawrence County Department of Social Services for a period of 18 months. This appeal by respondent ensued.

Respondent's first contention is that since she testified before a Grand Jury concerning the incident wherein she ran away to Kentucky, she received transactional immunity (see, CPL 190.40 [2]) and this incident could not serve as a basis for her adjudication as a person in need of supervision. This argument should be rejected. Immunity such as that conferred by CPL 190.40 extends only to evidentiary use in *criminal* proceedings (see, CPL 50.10; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 50.10, p 307). Accordingly, we are unable to conclude that respondent had immunity in the context of the instant proceeding (cf. *Matter of Anonymous Attorneys*, 41 NY2d 506).

Respondent next contends that her placement in the custody of the Department of Social Services was not supported by the evidence. This assertion is belied by the record, which reveals that Family Court's determination was appropriate and in all respects supported by the evidence. The order should, therefore, be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.